IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDREA L TALBOTT,<br><br>    PLAINTIFF,<br><br>VS.<br><br>NAVIENT SOLUTIONS, LLC,<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC., & EQUIFAX, INC.<br><br>    DEFENDANTS. | Case No.: 17-348<br><br><br><br>JURY TRIAL REQUESTED |

# COMPLAINT

COMES NOW the Plaintiff, Andrea L Talbott (hereafter the "Plaintiff"), by counsel, and as her Complaint against the above-named Defendants, and avers as follows:

**PRELIMINARY STATEMENT**

This action arises from the mismanagement and wrongful actions taken in connection with Plaintiff's credit reports. Defendant, Navient Solutions, LLC ("Navient"), has engaged in an aggressive collections campaign against Plaintiff which includes harassing phone calls, numerous demands for sums not owed, repeated written express threats, false credit reporting, all in an attempt to coerce Plaintiff to pay sums she does not owe. Defendant Navient has conducted this campaign even though its own records repeatedly supplied by Plaintiff (at their request) conclusively demonstrate that the accounts owed have been paid.  Navient failed to conduct any such investigation, failed to properly respond to the credit disputes made by the Plainitff and failed to take required corrective action.  Navient also failed to conduct proper investigation and make corrections to its credit reporting in response to Plaintiff's credit reporting dispute as required by the "), 15 U.S.C. 1681.  Defendants, Experian and Equifax, also failed to conduct any proper

1

investigation of Plaintiff's credit reporting dispute as required under the FCRA. Plaintiff seeks actual and statutory damages, plus attorney's fees and costs, for multiple violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681. Plaintiff also seeks compensatory and punitive under Alabama law.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 1681p, 12 U.S.C. § 2617 and 28 U.S.C. 1367. 28 U.S.C. 1367. 28 U.S.C. 1367. 28 U.S.C. 1367.

2. Venue is proper here because the events giving rise to Plaintiff's cause of action occurred in this district.

## PARTIES

3. The Plaintiff is a natural person and adult resident of Mobile County, Alabama. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4. Defendant, Navient Solutions, LLC ("Navient"), is a Virginia corporation doing business in the State of Alabama.

5. Defendant, Equifax, Inc., ("Equifax"), is a corporation formed und the laws of the State of Georgia and has its principal place of business in the State of Georgia. Equifax is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties. is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties. is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of

furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties. is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

6. Experian Information Solutions, Inc. ("Experian"), is a corporation formed under the laws of the State of Ohio and has its principal place of business in the State of Ohio. Experian is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties. Experian is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.Experian is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.Experian is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

7. Defendants, Equifax and Experian, are sometimes referred to herein collectively as "CRA Defendants."

**FACTUAL ALLEGATIONS**

8. Sometime in 2016, the Plaintiff received a collection letter in the mail from Navient (formerly Sallie Mae) regarding past due student loans. The statement attested that she owed over

$6,000.00 for three (3) separate student loans that were taken out in 2003.

9. On or about January 6, 2016, years after the Plaintiff had filed for and received her discharge in a Chapter 13 bankruptcy, her attorney sent a letter to Navient stating the loans were taken out on behalf of Plaintiff's parents as Plaintiff was not eligible for student loans based on her age. The letter also informed Navient the student loans were paid in full through her parents Chapter 13 bankruptcy which was discharged in 2014. The amount paid was $10,619.91.

10. In March 2016, Plaintiff's mother requested a loan payoff inquiry and a proof of claim form from her bankruptcy attorney. The purpose of these documents was to inform Navient once again that the alleged amount owed was already satisfied.

11. Between April 2016 to July 2016, Plaintiff continued to receive statements and collection notices in the mail from Navient stating she owed the student loan debt. Upon receipt of said notices, she would immediately contact Navient and dispute the debt.

12. In June 2016, Plaintiff contacted Trans Union and Equifax to dispute the accounts as they were reporting on her credit report as past due and an amount owed.

13. Later that month, the Plaintiff received her investigation results from Trans Union which showed all three (3) of the Navient accounts. The accounts reported paid through Chapter 13 bankruptcy and closed on April 30, 2016. This appeared to be the appropriate reporting of the account and the Plaintiff was satisfied with this investigation result. However, she failed to receive any correspondence from Equifax in response to her inquiry.

14. In August 2016, Plaintiff visited the Regions Bank branch located at Cottage Hill Road, the original lender of the student loans, and spoke with Jamie Towler, a representative at the location. The Plaintiff spoke with the agent about the situation with Navient and Towler assured the Plaintiff that he would review the matter and attempt to resolve the issue promptly.

15. Despite Plaintiff's constant denial that she owed the debt, the Plaintiff continued to

receive debt collection and notices in the mail from Navient stating that the debt was owed and further action would be taken should the Plaintiff fail to resolve the outstanding balance.

16. After receiving letters on a consistent basis, the Plaintiff informed Navient that a Regions Bank agent was looking into the situation. Navient agents claimed they had received no contact from any Regions representatives. Plaintiff visited the Regions branch soon after, and Mr. Towler informed her that he had indeed maded several contacts with Navient regarding her matter.

17. In September 2016, Plaintiff went by the Regions Bank branch on Hillcrest Road and spoke with an agent named Kayla Dunaway. This agent immediately called Navient. Dunaway asked for a fax number or email address so she could receive documents that were faxed to Navient earlier in the year. Navient informed the agent they could not receive email but gave her a fax number and informed her it would take 2 – 3 business days to receive a fax. Plaintiff waited and returned to Regions with her mother a few days later so that Dunaway could contact Navient to verify they received the fax. Dunaway immediately took Plaintiff and her mom into a private conference room and contacted Navient by phone. The agent of Navient stated the loans were "repurchased". During the call, the Plaintiff's mother asked how something could be repurchased if it's been paid off, but received no response to her inquiry. The agent of Regions Bank immediately advised Plaintiff that there was nothing further Regions could do at that time based on the statements made by Navient's agents.

18. On or about September 17, 2016, in another attempt to have the accounts updated on her credit reports, Plaintiff submitted written disputes regarding the student loan accounts reported by Navient. The disputes were mailed to and received by each of the CRA Defendants. In her dispute letter, Plaintiff explained that the Navient accounts were inaccurate as the loans were paid in full through her parents Chapter 13. The dispute included a copy of her driver license, the proof of claim and a letter from her bankruptcy attorney that she had previously sent to Navient.

5

19. Plaintiff's September letter constituted a consumer dispute and triggered the requirements set out in 15 U.S.C. § 1681i and 1681s-2(b).

20. Written responses were provided by the CRA's which demonstrated that no corrective action was taken and these Defendants continued to false report the loan in arrears. Experian responded to her dispute by falsely stating that Plaintiff did not provide sufficient identifying information to enable it to conduct an investigation. Experian, along with Equifax, wrongfully failed to conduct any proper investigation and continued to falsely report the loan in arrears.

21. Plaintiff's credit reporting dispute was forwarded to Navient by some or all of the CRA Defendants. That dispute, together with the information in its own file and the bank information already provided by Plaintiff, provided ample evidence demonstrating that its credit reporting was false. It nevertheless verified the veracity of the reporting to the CRA Defendants, knowing that this would result in continued false information reported on Plaintiff's credit file which would cause her financial harm. Moreover, Navient continued furnishing the false and derogatory information to credit bureaus, including the CRA Defendants with the knowledge that such information was false or, at a minimum, could not be verified through any reliable account records.

22. The information provided by Plaintiff to the CRA Defendants conclusively demonstrate that the information reported by Navient is false and unreliable, and that any reliance on Navient's verification is unreasonable. Navient did not provide the CRA Defendants with any information or documents refuting the evidence provided by Plaintiff and its response to the CRA Defendants was limited to an unsubstantiated bare statement that the information reported was correct.

23. The CRA Defendants failed to perform any reasonable independent investigation

of Plaintiff's dispute and the information provided in support of that dispute. CRA Defendants' decision to rely on bare and unsubstantiated statement by Navient, in the face of the information provided by Plaintiff, was unreasonable and constitutes a failure to perform the duties required under the FCRA. CRA Defendants continued reporting the false and derogatory information to the credit bureaus, with the knowledge that such information was false or, at a minimum, had not been verified through any reliable account records.

24. Plaintiff has continued to receive debt collector notices from Navient and other entities asscoaited with and directed by Navient to collect the alleged debt.

25. Plaintiff has suffered damages proximately resulting from the failure by Navient and the CRA Defendants to properly investigate her dispute and cease the false reporting relating to the loans. This damage includes damage to her credit and reputation, credit denials, loss of credit opportunities and mental anguish.

## COUNT I
### (INVASION OF PRIVACY AND WANTON COLLECTIONS)

26. Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

27. Alabama law imposes upon any creditor and any collector the duty not to take actions to collect a debt which exceed the bounds of reasonableness and/or which wrongfully intrude upon the privacy of the debtor.

28. The actions taken by the CRA Defendants in falsely holding Plaintiff in default, threatening imminent collection activity, subjecting Plaintiff to repeated and harassing collection calls about its false claims that she owed the debt constitute a wrongful invasion of Plaintiff's privacy and exceeded the bounds of reasonableness. Those acts also constitute the wanton collection of alleged debt conducted with a wanton or reckless regard for the Plaintiff's welfare.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against CRA Defendants for invasion of privacy and/or wanton collections and award her compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs.  Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT II
### (FCRA VIOLATIONS BY EXPERIAN AND EQUIFAX)

29. Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

30. This count states claims for negligent and willful violations of the Fair Credit Reporting Act ("FCRA") against CRA Defendants pursuant to 15 U.S.C. § § 1681o and 1681n.

31. CRA Defendants are "consumer reporting agencies" as that term is defined in FCRA.

32. The CRA Defendants have reported false and derogatory credit information on Plaintiff's credit report relating to the above-described account.  This information was reported to third parties, including Plaintiff's potential lenders and others who may be in a position of evaluating Plaintiff's creditworthiness, credit standing, credit capacity, character and general reputation.  This false and derogatory information was, at all relevant times, reported by the CRA's to said third parties by a "consumer report" as that term is defined in the FCRA.

33. Plaintiff submitted a written consumer dispute to each of the CRA Defendants, explaining that the information being reported on her credit file relating to the loans were false and Plaintiff provided documentation supporting her dispute and conclusively demonstrating that the information reported by Navient was false and unreliable.  Based on the information provided in Plaintiff's dispute, any reasonable and independent investigation should have resulted in the removal or the derogatory information.

34. The CRA Defendants failed in its duty to reasonably investigate Plaintiff's disputes and has merely parroted the false information supplied by Navient, without performing any meaningful or reasonable independent investigation. As a result, the false and derogatory information was repeatedly verified and has remained on Plaintiff's credit file. The CRA Defendants also failed to properly respond to the Plaintiff's dispute as required under the FCRA.

35. CRA Defendants each failed to comply with the requirements of the FCRA in one or more of the following ways:

   a. By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information it published in its reports relative to Plaintiff;

   b. By willfully and/or negligently failing to comply with 15 U.S.C. § 1681i, including, but not limited to, the willful and/or negligent failure to conduct any reasonable reinvestigation to determine whether the disputed information was accurate, complete and verifiable;

   c. By willfully and/or negligently failing to delete information which the CRA's knew or, had any reasonable investigation been conducted, should have known was inaccurate, incomplete and/or could not be verified;

   d. By failing to properly respond to Plaintiff's disputes as required by 15 U.S.C. § 1681;

   e. By failing to exercise due care and reasonable prudence in the preparation of its reports relative to Plaintiff.

36. As a proximate result of this conduct, Plaintiff suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit; mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

37. Each of the CRA Defendants' acts and/or omissions made in violation of the FCRA were willful, entitling Plaintiff to recover the remedies provided in 15 U.S.C. §1681n.

38. Each of the CRA Defendants' acts and/or omissions made in violation of the FCRA were negligently made, entitling the Plaintiff to recover the remedies provided pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff requests that this Court enter a judgment against each of the CRA Defendants for negligent and willful violations of the FCRA and award Plaintiff actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

### COUNT III
### (FDCPA VIOLATIONS)

39. Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

40. This count is asserted against Navient for violations of the FDCPA.

41. Defendant Navient is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

42. Navient has violated the FDCPA in connection with its attempts to collect the account against Plaintiff. Defendant's violations include, but are not limited to the following:

   a. Failing to make the disclosures required by 15 U.S.C. § 1692g;
   b. Providing false information regarding the status of Plaintiff's account. This is violation of 15 U.S.C. § 1692c.

43. As a result of its violations of the FDCPA, Navient are liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

a. Actual and statutory damages pursuant to 15 U.S.C. 1692k;

b. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

c. Such other and further relief as this Court deems just and proper, the premises considered.

### COUNT IV
### (FCRA VIOLATIONS BY NAVIENT)

44. Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

45. This is a claim for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*

46. Defendant Navient furnishes credit information to consumer credit reporting agencies as those terms are defined by FCRA. Navient is subject to requirements of FCRA, including those duties set out in 15 U.S.C. §1681s-2(b).

47. At all relevant times, Navient provided derogatory and false credit information to consumer reporting agencies ("CRAs"), including the CRA Defendants. This false and derogatory information furnished by Navient was reported by the CRAs, including the CRA Defendants, to third parties, including Plaintiff's potential lenders and others who may be in a position of evaluating Plaintiff's creditworthiness, credit standing, credit capacity, character and general reputation.

48. As stated above, Plaintiff notified the CRA Defendants her dispute of the false information being reported by Navient. Upon information and belief, Plaintiff's dispute and all relevant information was forwarded to Navient by each of the CRA Defendants. Nevertheless, the information provided by Plaintiff to the CRA Defendants was also provided to Navient previously

by Plaintiff.

49. Information was available to Navient that should have, upon any reasonable investigation, informed Navient that the information it was furnishing to CRAs regarding the account was false and/or unverifiable.

50. Despite its knowledge that the information being reported on Plaintiff's credit file was false and/or unverifiable, Navient verified the false and derogatory information as accurate and failed to make any corrections, knowing that by continuing to report the false information, Plaintiff's creditworthiness would be damaged.

51. Navient has violated the FCRA, specifically 15 U.S.C. §1681s-2(b), in at least the following ways:

    a. By failing to fully, properly or reasonably investigate Plaintiff's dispute of the reporting of the false and derogatory information;

    b. By failing to review all relevant information regarding Plaintiff's dispute and/or by disregarding that information after review;

    c. By, after receiving notice of Plaintiff's dispute, continuing to submit false and derogatory information to the CRAs regarding the alleged debt. Navient knew that information to be false, incomplete and/or not verifiable;

    d. By failing to modify, delete or permanently block the reporting of credit information regarding Plaintiff which Navient knew to be false, incomplete and/or not verifiable;

    e. By failing to accurately respond to Plaintiff's disputes made through the CRA Defendants after receipt of that dispute.

52. As a proximate result of this conduct, Plaintiff suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit; mental

and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

53. Navient's acts and/or omissions made in violation of the FCRA were willful, entitling Plaintiff to recover the remedies provided in 15 U.S.C. §1681n.

54. Navient's acts and/or omissions made in violation of the FCRA were negligently made, entitling Plaintiff to recover the remedies provided pursuant to 15 U.S.C. Navient's acts and/or omissions made in violation of the FCRA were negligently made, entitling Plaintiff to recover the remedies provided pursuant to 15 U.S.C. § 1681o..

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant Navient for negligent and willful violations of the FCRA and award Plaintiff actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

**TRIAL BY JURY IS HEREBY REQUESTED AS TO ALL CLAIMS AND DEFENSES ASSERTED HEREIN.**

JAMES D. PATTERSON (PATTJ6485)
UNDERWOOD & RIEMER, P.C.
Attorney for Plaintiff
166 Government Street, Suite 100
Mobile, Alabama 36602
Telephone: (251) 432-9212
E-mail: jpatterson@alalaw.com

**DEFENDANTS ARE TO BE SERVED BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

Navient Solutions, LLC
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama 36104

Experian Information Solutions, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

Equifax, Inc.
c/o Prentice-Hall Corporation System Inc
150 South Perry Street
Montgomery, Alabama 36104